IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| RICKY MILBOURNE, | : | |
|---|---|---|
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 15-705-RGA |
| | : | |
| GREG BEECHER, et al., | : | |
| | : | |
| Defendants. | : | |

Ricky Milbourne, Linwood, Pennsylvania. *Pro Se* Plaintiff.

Curtis J. Crowther, Esquire, Young, Conaway, Stargatt & Taylor LLP, Wilmington, Delaware. Counsel for Defendants.

## **MEMORANDUM OPINION**

June **𝟑𝟎**, 2016
Wilmington, Delaware

*Mulynyl G. Andrews*
**ANDREWS, U.S. District Judge:**

Plaintiff Ricky Milbourne, who appears *pro se* and was granted leave to proceed *in forma pauperis*, commenced this action on May 13, 2015, in the United States District Court for the Middle District of Pennsylvania. The matter was transferred here on July 14, 2015. (D.I. 2). The Court has jurisdiction pursuant to 28 U.S.C. § 1331. Defendants move for dismissal pursuant to Fed. R. Civ. P. 12(b)(6). (D.I. 9). Plaintiff opposes. Briefing on the matter has been completed. (D.I. 10, 11, 12).

## BACKGROUND

Plaintiff alleges violations of his right to free speech under the First Amendment to the United States Constitution and discrimination under 42 U.S.C. § 1981(a). (D.I. 3). Plaintiff is a vendor who sold goods for three years at the New Castle Farmers Market.

On October 23, 2014, he telephoned Defendant Richard Stat, the boss of Defendant Greg Beecher, and complained that Beecher was discriminating against him. Stat had Beecher telephone Plaintiff to resolve the issue. During the conversation, Plaintiff told Beecher that he was not the only individual against whom Beecher was discriminating. Plaintiff alleges that Beecher told Plaintiff that he was not allowed to sell new items. Plaintiff alleges that he was not selling new items, that Beecher allowed white individuals to sell new items, and that he had evidence to support his statements. Plaintiff alleges that there is no contract, lease, statement, or memos signed by vendors who sell "outside on the premises." (D.I. 3 at 6). He alleges that Beecher "makes up rules as he sees fit for people of color." (*Id.*).

Approximately one week later, on October 31, 2014, while Plaintiff was at the

New Castle Farmers Market, Beecher, accompanied by a police officer, served him with

a paper. He alleges this embarrassed and shamed him. The paper stated,

> Because of ongoing conflict with management you are no longer allowed
> on the property at New Castle Farmers Market . . . . On October 25th you
> were witnessed soliciting a petition to flea market vendors in the flea
> market selling area which is against our rules and regulations. You are
> welcome to submit any complaints in writing to the New Castle Farmers
> Market, but effective immediately if you are on the premises the police will
> be notified. Market Management

(D.I. 3 at 8).

Plaintiff alleges that there was no conflict on October 31, 2014 and, therefore, it

was not necessary for Beecher to be accompanied by a police officer. In addition,

Plaintiff alleges that the written statement is untrue. He seeks compensatory and

punitive damages.

Defendants move to dismiss for failure to state a claim upon which relief may be

granted. (D.I. 9)

## STANDARDS OF LAW

Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his

complaint, "however inartfully pleaded, must be held to less stringent standards than

formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

(internal quotation marks omitted). Under Rule 12(b)(6), a motion to dismiss may be

granted only if, accepting the well-pleaded allegations in the complaint as true and

viewing them in the light most favorable to the plaintiff, a court concludes that those

allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a

2

complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 346.

A court reviewing the sufficiency of a complaint must take three steps:  (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Deciding whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014).

3

## DISCUSSION

### First Amendment

Defendants move to dismiss the First Amendment claim as non-cognizable. The First Amendment claim does not fall under the ambit of 42 U.S.C. § 1981. Rather, it falls under 42 U.S.C. § 1983.

To state a claim under 42 U.S.C. §1983, a plaintiff must allege "the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327, 330-31 (1986)). To act under "color of state law," a defendant must be "clothed with the authority of state law." *West*, 487 U.S. at 49.

Defendants argue that the Complaint alleges that Plaintiff was a vendor on private property and asked to leave the premises by Beecher, a private actor. They note that there are no allegations Defendants are State actors. After reviewing the allegations, the Court finds that they do not lead to the conclusion that Defendants are "clothed with the authority of state law" as is required to state a claim under § 1983. *See Reichley v. Pennsylvania Dep't of Agric.,* 427 F.3d 236, 244-45 (3d Cir. 2005); *Biener v. Calio*, 361 F.3d 206, 216-17 (3d Cir. 2004).

The First Amendment claims fail as a matter of law and, therefore, the Court will grant the motion to dismiss those claims.

4

**Section 1981**

Defendants argue that Plaintiff's § 1981 claim fails to state a claim upon which

relief may be granted, and, in particular, that Plaintiff fails to allege the necessary

elements for a § 1981 claim.  Plaintiff alleges that Beecher's actions show racism and

discrimination towards people of color.

> Section 1981 provides, in pertinent part, as follows:

> All persons within the jurisdiction of the United States shall have the same
> right in every State and Territory to make and enforce contracts, to sue,
> be parties, give evidence, and to the full and equal benefit of all laws and
> proceedings for the security of persons and property as is enjoyed by
> white citizens, and shall be subject to like punishment, pains, penalties,
> taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a).  In order to succeed on a claim under § 1981, a plaintiff must

demonstrate:  "(1) that he belongs to a racial minority; (2) an intent to discriminate on

the basis of race by the defendant; and (3) discrimination concerning one or more of the

activities enumerated in § 1981" (*i.e.*, the right to make and enforce contracts, to sue,

be parties, give evidence, and to the full and equal benefit of all laws and proceedings

for the security of persons and property as is enjoyed by white citizens).  *Pryor v.*

*National Collegiate Athletic Ass'n*, 288 F.3d 548, 569 (3d Cir. 2002) (internal quotation

marks omitted).

"Section 1981 offers relief when racial discrimination blocks the creation of a

contractual relationship, as well as when racial discrimination impairs an existing

contractual relationship."  *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476, (2006).

The protections of § 1981 apply to "all contracts."  *Rivers v. Roadway Express, Inc.*,

511 U.S. 298, 304 (1994).

5

The Complaint meets the first element of a § 1981 claim, as Plaintiff alleges he is a racial minority. As to the second element, Plaintiff alleges in a conclusory manner that he was discriminated against on the basis of race. The allegations that reference discrimination are that Plaintiff told Beecher that he was not the only person of color Beecher was discriminating against, that other persons of color told Plaintiff the same thing about Beecher, and that Beecher makes up rules as he sees fit for persons of color. While the complaint makes reference to Beecher allowing white people to sell new items, the complaint is unclear as to whether Plaintiff was trying to sell new items. From the reference to asking Beecher "to inspect the items" (D.I. 3 at 5), I infer that the items Plaintiff had were not new items. Indeed, "I also have pictures of proof that my table did not have new items." (*Id.*). If Plaintiff does not sell new items, it is not clear what bearing the "new items" discussion has on the issue of discrimination. Nor does the Complaint point to any acts of discrimination against Plaintiff based upon his race.

Finally, because there are no allegations of an underlying contractual relationship, the Complaint fails to meet the third element to state a claim under § 1981. Notably, Plaintiff alleges that vendors on the outside of the premises, such as himself, do not have signed contracts, leases or "statement[s]." There are no allegations that Plaintiff was a party to a contract, that he was going to enter into a contract, or that he was hindered from entering into a contract.[1]

Plaintiff's best claim is for retaliation, as he alleges he was excluded from the Farmers Market one week after he first complained of discrimination in general to Stat,

---

[1]Apparently there is distinction between individuals who sell goods outdoors versus individuals who sell goods inside in individual owner-operated shops.

followed by a specific charge of race discrimination to Beecher. However, it is not clear from the allegations if Plaintiff intended to raise a retaliation claim. In order to make out a *prima facie* case of retaliation under § 1981, plaintiff must allege "that the plaintiff [was] (1) engaged in an activity protected under the anti-discrimination statutes, (2) the defendants were aware of plaintiff's participation in the protected activity, (3) the defendants took adverse action against plaintiff[] based upon [his/her] activity, and (4) a causal connection existed between the plaintiff['s] protected activity and the adverse action taken by defendants." *Rittenhouse Entm't, Inc. v. City of Wilkes-Barre*, 861 F. Supp. 2d 470, 483 (M.D. Pa. 2012) (citing *Lizardo v. Denny's, Inc.*, 270 F.3d 94, 105 (2d Cir. 2001)). A plaintiff may pursue a retaliation claim even if the underlying § 1981 claim fails. S*ee e.g., Krouse v. American Sterilizer Co.*, 126 F.3d 494, 502 (3d Cir. 1997) (plaintiff may assert ADA retaliation claim "even if the underlying claim of disability fails"). The complaint as pled, is sufficiently vague (particularly whether Plaintiff engaged in protected activity) that it does not adequately alleged a retaliation claim.

Accordingly, the Court concludes that Plaintiff has failed to state claims under 42 U.S.C. § 1981, or for § 1981 retaliation, and will grant the motion to dismiss. Because it appears plausible that Plaintiff may be able to articulate claims against Defendants, he will be given an opportunity to amend the § 1981 claims.

**Defendant Stat**

Defendants move to dismiss all claims raised against Stat pursuant to Rule 12(b)(6). The Complaint alleges that Plaintiff left a message on Stat's answering machine, but Stat did not return the call. Plaintiff believes that Stat's conduct was

7

unprofessional and that he should have scheduled a meeting among Plaintiff, Stat, and Beecher.

These allegations fail to state a claim under the First Amendment or § 1981. The Court will not hazard a guess as to what type of claim Plaintiff seeks to raise against Stat. Therefore, the Court will grant the motion to dismiss the claims against Stat.

## CONCLUSION

For the above reasons, the Court will grant Defendants' motion to dismiss. (D.I. 9). Plaintiff will be given leave to amend the 42 U.S.C. § 1981 discrimination and retaliation claims.

An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

8